## JOE PITTS v. THE STATE.

No. 18037. Delivered March 18, 1936.

The opinion states the case.

*Kirby, King & Overshiner*, of Abilene, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for assault with intent to murder, punishment assessed at five years in the penitentiary.

Appellant and J. Greenwood were neighbors. A stray dog seems to have taken up at Greenwood's house and appellant desired Greenwood to kill it, fearing it might go mad as a result of having been bitten by a civet cat. Greenwood declined to kill the dog, but told appellant he could do so if he wished. On the day of the difficulty appellant went to the officers and got a letter from them authorizing Greenwood to kill the dog, which letter appellant delivered to Greenwood a short time before the difficulty. They met near appellant's house. A conversation occurred between them about the dog. Greenwood struck appellant with his fist and a fight ensued. Appellant cut Greenwood with a knife, claiming to have acted in self-defense. The knife was described by Greenwood as a long bladed, bone-handle knife. The injury inflicted severed one of Greenwood's ribs from the breast bone. He was confined in the

hospital seven months, and as a direct result of the injury it was necessary to remove seven ribs, and he lost one entire lung. Appellant denied any intent to kill. He claims the knife used had a blade only two inches long. The evidence of the State amply supports the verdict.

Among other exceptions to the court's charge was one complaining of an omission to instruct the jury that:

"* * * if at any time during the progress of the fight it appeared to the defendant viewed from his standpoint that the witness J. Greenwood was about to inflict upon said defendant serious bodily injury or to kill him and that in such event he had a right to use such force as was necessary, viewed from his standpoint, to avert such a conclusion to the encounter, it being inferrable from the charge that the defendant's rights were fixed as of the time the fight was commenced."

If there was basis for the objection at the time it was presented the court evidently amended his charge in response thereto, for we find in paragraph 16 of the instructions an embodiment of the very matter, the claimed omission of which was the ground of the objection.

The record brings forward only two formal bills of exception, the first complaining that the district attorney in his argument, referring to appellant, said:

"He did not have his Barlow with the long blade that he had been cutting other people with."

In his qualification to the bill the court called attention to the fact that appellant himself, while testifying, admitted that Greenwood was not the first man he had cut with a knife, and this fact was also developed by other witnesses. Under these circumstances we find no error reflected by the bill.

In the other bill appellant complains that a deputy sheriff was permitted to testify over objection that he had a conversation with appellant in regard to obtaining an order for killing the dog then on the premises of Greenwood, and that in witness' opinion, appellant was mad at the time he had the conversation and secured said order. This conversation occurred on the same day and not long before the difficulty occurred. The witness relates that after appellant secured the order, and as he was leaving the office where the conversation occurred, he said:

"If this don't get the dog killed, why, you will have to come after me."

The witness states that appellant seemed to be very nervous, and in the opinion of the witness, was angry. The bill

reflects no error. The statement seems to have been a short-hand rendering of the facts. See authorities under Sec. 132, page 73, Branch's Ann. Texas P. C.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*